AE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LAWRENCE BOBER, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) KOVITZ, SHIFRIN, NESBIT, an ) Illinois professional corporation, ) RONALD J. KAPUTSKA, individually, ) ROBERT A. STERNBERG, individually, ) DAVID M. BENDOFF, individually, ) JOHN H. BICKLEY, III, individually, ) RICHARD W. HILLSBERG, individually, ) ROBERT B. KOGEN, individually, ) ALAN D. KOVITZ, individually, ) MATTHEW L. MOODHE, individually, ) ROBERT P. NESBIT, individually, ) LESTER OTTENHEIMER, individually, ) JORDAN I. SHIFRIN, individually, ) DIANE J. SILVERBERG, individually, ) GERALD J. SMOLLER, individually, ) JEFFREY S. YOUNGERMAN, individually,) G.A.Z., INC., an Illinois corporation, ) LIEBERMAN MANAGEMENT ) SERVICES INC., an Illinois corporation, ) ) Defendants. ) | 03 C 9393<br><br>Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

In this putative class action, plaintiff Lawrence Bober has sued defendants Kovitz,

Shifrin and Nesbit, P.C. ("Kovitz, Shifrin and Nesbit" or "KSN"), Lieberman Management

Services, Inc., and individual shareholders of Kovitz, Shifrin and Nesbit P.C., Ronald J.

Kapustka, Robert A. Sternberg, David M. Bendoff, John H. Bickley, III, Richard W. Hillsberg,

Robert B. Kogen, Alan D. Kovitz, Matthew L. Moodhe, Robert P. Nesbit, Jordan I. Shifrin,

Diane J. Silverberg, Gerald J. Smoller, Lester Ottenheimer, and Jeffrey S. Youngerman for

violating the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and the Fair Debt Collections Practice Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by collecting unauthorized payments from members of homeowners associations. Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(5) for improper service of process. The gist of the motion to dismiss is that service was ineffective because it was made on a person unauthorized to accept service of process for each named defendant. In the alternative, defendants move to strike portions of the complaint pursuant to Rule 12(f). For the reasons set forth below, the Court grants defendants' motion to dismiss the complaint due to improper service of process and denies as moot defendants' motion to strike.

## DISCUSSION

Rule 4 outlines the requirements for service of process in a federal action unless a statutory provision provides for an alternative method. Rule 4(k)(1)(D); *Robinson Eng'g Co. Pension Plan & Trust v. George*, 223 F.3d 445, 449-50 (7th Cir. 2000) (holding that Rule 4 applies to RICO causes of action because if "the [federal] statute does not set forth a method for serving process, service will be made under the appropriate subdivision of Rule 4."). Under Rule 4(h)(1), service of process on corporations is properly effected "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . . ." FED. R. CIV. P. 4(h)(1). Service of process on a corporation may also be effected "pursuant to the law of the state in which the district court is located." *Id.* (citing FED. R. CIV. P. 4(e)(1)). Illinois law provides that "a private corporation can be served . . . by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State . . . ." 735 ILL.

COMP. STAT. 5/2-204 ("section 2-204").

Pursuant to Rule 4(e)(2), an individual may be served: (1) "pursuant to the law of the state in which the district court is located, or in which service is effected;" (2) "by delivering a copy of the summons and of the complaint to the individual personally;" (3) "by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein;" or (4) "by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service or process." FED. R. CIV. P. 4(e)(2). In Illinois, an individual may be served:

> (1) by leaving a copy of the summons with the defendant personally, [or] (2) by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode.

735 ILL. COMP. STAT. 5/2-203(a).

It is undisputed that service in this case was not made upon an officer, managing agent, or general agent of a corporation, a registered agent of corporation, an individual named in the lawsuit, or at any individual's dwelling house or usual place of abode. What remains then, is a question of agency. That is, whether service was made upon a person who qualifies either as an agent of a corporation authorized by appointment or by law to receive service of process, as described in the Federal Rules of Civil Procedure; an agent of the corporation, as described in the Illinois Code of Civil Procedure; or an agent authorized by appointment or by law to receive service of process, as described in the federal rules for service upon an individual.

The testimony in this regard at the hearing on the motion to dismiss was in great conflict. As an initial matter, the Court finds that defendant Kovitz, Shifrin and Nesbit is and was at the

3

time it was served with process, an Illinois limited liability corporation, and not a partnership. The individual KSN defendants all were members of the firm and maintained an office at the same address. According to plaintiff, service upon KSN was effected on September 2, 2004 by Joanne D'amato. Ms. D'amato testified that she delivered one complaint and fourteen summonses to the receptionist at the offices of KSN. At the time, she was accompanied by Ms. Francine Schwartz, plaintiff's attorney, Ms. Schwartz's daughter and son. Ms. D'amato introduced herself to the receptionist, who was in a wheelchair, as a process server and informed her that the law firm was a party being sued. Ms. D'amato asked the receptionist if she had the authority to accept service of process for the law firm and informed her that the summons and complaint were directed to Mr. Sternberg. According to Ms. D'amato, the receptionist indicated that she had authority, accepted the envelope with the summons and complaint and stated that it was her job to accept the summons and complaint and that she would take them back to Mr. Sternberg. The receptionist refused to call Mr. Sternberg to the reception area to receive the documents himself. Ms. D'amato's testimony was corroborated to a large extent by the declaration of Ms. Schwartz.

Claudia Dickman's testimony as to what happened at the time of the service is completely different. Ms. Dickman admits that she was the receptionist at KSN when the documents were delivered. At that time, she had been with the law firm for approximately two and one half years. When she commenced her employment, she was instructed as to her responsibilities by a former employee who was familiar with the receptionist's duties. According to Ms. Dickman, the firm had a policy that she was authorized to accept only summons and complaint in mortgage foreclosure lawsuits. In all other cases, she was to call the attorney to whom the process was directed to come to the reception area and accept receipt. If

the attorney was unavailable, or unwilling to come forward, then she would refuse the summons and inform the process server to return on another day. The firm received a large number of lawsuit documents regarding mortgage foreclosures because many of the attorneys in the firm represented condominium and homeowners associations and/or were registered agents under Illinois law for service of process upon the associations. These associations, because of their interest in the lands, were often named as defendants in foreclosure actions. Ms. Dickman testified that she was able to tell whether or not a lawsuit was a foreclosure both by asking the process server and sometimes by looking at the complaint. She emphasized that she was only authorized to accept service if the lawsuit was a foreclosure and the attorney for the firm was being served as the registered agent for one of the defendants in the foreclosure lawsuit. As to the events on the particular day, Ms. Dickman testified that the process server did not identify herself as a process server, was accompanied by two children, but not by another woman, did not identify the papers she delivered as a summons and complaint and did not inquire as to whether or not she, Ms. Dickman, was authorized to receive service of summons in a lawsuit against the partnership. Because the documents were not identified as legal process, she never looked inside the envelope when she received it. The delivery was made at approximately 5:00 p.m. on a Thursday just before closing time. After she received the envelope, Ms. Dickman turned off the lights, closed the office doors, and, on her way out, took the envelope to the office of the managing shareholder and then left for the day. In short, Ms. Dickman contradicted almost everything Ms. D'amato said about how the documents were served.

Ms. Dickman's testimony regarding the policy and practice of KSN was corroborated by the testimony of Gregory Oakes, a deputy sheriff in the civil division of the Lake County Sheriff's Office engaged in serving summons and complaint in civil lawsuits. As a deputy

5

sheriff, Mr. Oakes testified that for the last few years he has been serving legal process on KSN on the average of two to three times per week. The large majority of these lawsuits have been mortgage foreclosures in which a homeowners association or condominium association is a named party and the registered agent for the association is one of the attorneys in the firm. On such occasions, Ms. Dickman routinely accepts service of summons on behalf of the registered agent. On approximately two occasions he has served summons upon KSN in lawsuits in which the firm itself was named as a party to the lawsuit. On each of these occasions, Ms. Dickman refused to accept service of the documents and instead called one of the attorneys out to the front desk area to accept service of the documents. Mr. Oakes has never served the firm itself as a party by merely leaving the summons and complaint with the receptionist. Ms. Dickman's testimony regarding the policy and practice of KSN was also corroborated by almost all of the individual defendants, each of whom testified.

D'amato testified that on the next day, September 3, 2004, she served the defendant, Lieberman Management Services, Inc., in much the same manner as KSN. She was accompanied by the same people and informed the young lady, presumably the receptionist, that she was there to serve summons and complaint upon Lieberman Management Services Inc. She also confirmed that the person had authority to accept service of process. The young lady responded by telling her that she was the only one there to accept the documents and that she did have authority to do so. Again, this testimony, in general, was corroborated by the testimony of attorney Schwartz. Also again, this testimony was contradicted in almost all respects by the person who actually received the documents, Jennifer Rosenblum. Ms. Rosenblum testified that she was working as a temporary employee for Lieberman Management Services, Inc. substituting for an executive administrative assistant on September 3, 2004 when the documents

were delivered. On that day, the office had closed early because of the Labor Day holiday weekend. When the documents arrived at approximately 4:00 p.m. she was the only one in the office. She was neither the receptionist nor was she substituting for the receptionist. It was not her job to man the front desk as a receptionist, nor was she authorized to accept service of process. At approximately 4:00 p.m. she remained after closing to finish some work, when she happened to see a woman and two children by the front door of the office. She opened the door and informed them that the office was closed and they would have to come back on Tuesday. The woman asked for an officer who was not in. She then asked Ms. Rosenblum if she would take a package for him. Ms. Rosenblum agreed and took the envelope that was handed to her. Ms. D'amato did not inform Ms. Rosenblum that the documents in the envelope constituted a summons and complaint or that the delivery involved a lawsuit in any way. Ms. Rosenblum delivered the envelope with the documents to the desk of the company officer immediately, although, because of the holidays, that person did not actually see the documents until three days later.

The Court finds the testimony presented on behalf of the defendants to this lawsuit more credible. Thus, the record establishes that service was attempted as to KSN and the individual defendants by leaving an envelope containing one complaint and fourteen summonses with a receptionist not specifically authorized to accept service of summons for the firm or the individual defendant members of the firm, without inquiry as to whether or not the person being served was authorized to receive such service. The recipient was not informed, and thus was not aware, that the envelope contained services of process. Nevertheless, the documents were promptly delivered to the managing member of the firm.

With regard to defendant Lieberman Management Services Inc., the record establishes

that service was attempted by delivering an envelope containing a summons and complaint to a temporary worker who was not authorized specifically to receive such documents on behalf of the corporation, without any announcement as to the nature of the documents and without inquiry as to whether or not the person receiving them was authorized to accept service of process. Again, the documents were promptly delivered to the desk of a corporate officer.

In *Iosello v. Lexington Law Firm*, this Court stated:

> In Illinois, a corporation may be served by (1) leaving a copy of the complaint and summons with the corporation's registered agent or any officer or agent found anywhere within the state; or (2) in any other manner permitted by law. 735 ILCS 5/2-204. Plaintiff suggests that a receptionist who is in charge of receiving papers for a corporation is a proper agent for service of process. Generally, the sheriff's return is *prima facie* evidence of service which can be set aside only by clear and satisfactory evidence. *Island Terrace Apartments v. Keystone Serv. Co., Division of Cole Coin Operated Laundry Equip., Inc.*, 341 N.E.2d 41, 43-44 (Ill. App. Ct. 1975). However, when a corporation is the defendant, the sheriff's return is not conclusive as to the fact of agency. *Id.* Most likely agency is not within the personal knowledge of the officer and therefore, it may be disputed by a denial. *Id.* "Where the agency of the person named on the return is disputed, the defendant has the burden of proving that the individual served was not a proper person to receive service." *Id.*

*Iosello v. Lexington Law Firm*, No. 03 C 987, 2003 WL 21920237, at *3 (N.D. Ill. Aug. 7, 2003). To quash service of summons left upon a corporate employee, the defendant must establish by conclusive evidence that the person served was not a proper person for service of summons. *Millard v. Castle Baking Co.*, 161 N.E.2d 483, 484 (Ill. 1959).

Whether a clerk, typist, or receptionist is an appropriate agent for service of summons is a factual question. *See Citicorp Sav. of Ill. v. Rucker*, 692 N.E.2d 1319, 1325 (Ill. App. Ct. 1998).

> While it has been held that a clerk or typist may be an agent of a corporation for the purpose of receiving service of process, employment and agency generally are not considered identical. Service on a secretary or receptionist who understood the purport

of the service of summons may be service on the corporation.
However, service on a receptionist who does not understand her
duty to deliver the summons to her employer may be insufficient.

*Island Terrace Apartments v. Keystone Serv. Co.*, 341 N.E.2d 41, 44 (Ill. App. Ct. 1975) (citations and quotations omitted).

In making this determination, the Court takes into account all the circumstances surrounding the service and the relationship of the person served to the party named in the complaint. In *Union Asbestos and Rubber Co. v. Evans Products Co.*, the Seventh Circuit held that service was sufficient where a corporate secretary was served with summons because the office manager was absent from the office as much as 75-80% of the time and therefore unavailable for service, and the office manager ordered that the notice of summons be communicated to the corporate defendant at its home office. 328 F.2d 949, 952-53 (7th Cir. 1964). In *Gurtz Electric Co. v. Kamenir*, a judgment debtor's corporate employer's receptionist, upon whom a wage deduction summons had been served, was found to be an improper agent for that purpose in part because the receptionist testified that the deputy sheriff told her the summons was for the judgment debtor, and the judgment debtor corroborated receptionist's testimony that she delivered the summons to him, rather than to the corporate employer to whom the wage deduction summons was addressed. 294 N.E.2d 20, 22 (Ill. App. Ct. 1973). In *Gurtz*, therefore, the fact that the summons was not properly transmitted to the appropriate party was considered by the court in determining whether or not the receptionist who received the summons understood the purport of the summons and her responsibilities with respect thereto. *Id.* In *United Bank of Loves Park v. Dohm*, the court deemed a bank clerk was an agent of the bank for receipt of process because the bank had a longstanding policy of routing summonses to clerks and the particular clerk at issue understood the purport of the service of summons and her

duty to deliver the document. 450 N.E.2d 974, 978 (Ill. App. Ct. 1983).

With respect to defendant KSN, the record establishes that the recipient of the process was clearly a person who could understand the purport of the service of process and her duties in regard thereto. Ms. Dickman was a permanent employee of the corporation who clearly understood what to do when receiving a summons and complaint. First, she was well-versed in accepting service of process with regard to foreclosure lawsuits and it was a routine part of her job. Second, she had many times witnessed the receipt of summons and complaint by individual partners after she had called them to the reception area to receive process regarding non-foreclosure lawsuits, including lawsuits against the partnership and/or individual partners. In short, she knew that upon receipt of such documents it was her job to take them immediately to the party named as a defendant. The record is crystal clear as to that fact. The fact that she was directed not to accept such service does not mean that she fails to qualify as a corporate "agent" as described in 735 Ill. Comp. Stat. 5/2-204. She possessed the requisite knowledge to be able to understand the significance of the documents being handed to her and to clearly understand what her responsibilities to her employer were upon receipt of such documents. However, in order for Ms. Dickman to fulfill her responsibilities as an agent of the corporation upon receipt of service of process, she must have some knowledge that she is in fact receiving a summons and complaint. Clearly, her experience enabled her to recognize such documents if shown to her. Indeed, the firm relied upon her ability to discern different types of lawsuits by looking at the summons and complaint tendered to her. But, in the instant case, she was never advised that the envelope she was given contained a summons and complaint. Rather, she considered the envelope to be merely a package like many others she receives during the course of the day as receptionist. Although the fact that she actually delivered the documents to the appropriate

person might, under ordinary circumstances, tend to prove her awareness of the importance of the documents and her responsibilities with respect thereto, it is not dispositive in this case. Her delivery of the envelope, the contents of which were unknown to her, to the managing member of the firm in this particular case was mere happenstance, as she happened to pass by his office on her way out for the day. Nor is KSN's actual knowledge of the lawsuit sufficient to overcome this deficiency. As pointed out in *Mid-Continent Wood Products, Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991), in addition to actual knowledge there must also be substantial compliance with Rule 4. Hiding the summons and complaint, the actual documents intended to give notice of the pending lawsuit and the defendant's responsibilities in regards thereto, in an envelope and failing to advise the recipient of the nature and importance of the documents being delivered, is not substantial compliance. For these reasons, the Court finds that the service of summons on KSN was insufficient to establish jurisdiction.

For the same reasons, service of process upon the individual members of Kovitz, Shifrin and Nesbit is insufficient to establish *in personam* jurisdiction. As to the individual defendants, service is also flawed for a separate reason. The Federal Rules of Civil Procedure require that service of process include service of a summons and an accompanying complaint for each defendant. FED. R. CIV. P. 4(c)(1), (e)(2); *Davis v. Belk-Hudson Co. of Tifton, Inc.*, 173 F.R.D. 323, 325 (M.D. Ga. 1997), *aff'd*, 136 F.3d 142 (11th Cir. 1998). KSN has presented unrebutted evidence that plaintiff's service of process did not include a copy of the complaint for each of the individual defendants.

Turning now to defendant Lieberman Management Services Inc.'s motion, the Court finds that the service of process was insufficient to comply with the requirements of Rule 4. First, the recipient of the documents, a temporary worker who had spent only a short period of

time at her position, was not a person likely to know the import of the service of legal process or what her responsibilities to the corporation would be in regards thereto. She was not an agent as the term is used either in the Federal Rules of Civil Procedure or in the Illinois Code of Civil Procedure. Second, service with respect to this defendant was also attempted by handing the recipient an envelope containing the summons and complaint without any indication that the documents in the envelope constituted legal process. Thus, even if the recipient had sufficient knowledge of her responsibilities, she would have been unaware of the necessity to act upon receipt of the documents.

Having found that service of process was improper as to each of the moving defendants, the Court grants defendants' motion to dismiss pursuant to Rule 12(b)(5). Plaintiff filed this case on December 29, 2003 and did not even attempt to serve defendants until the Court initiated an inquiry at a status hearing on August 20, 2004 as to why plaintiff had not yet served defendants. At that time, plaintiff requested additional time to serve defendant, and the Court generously granted plaintiff one month to serve defendants. What transpired next is the less-than-half-hearted attempt to serve defendants that became the subject of the instant motion to dismiss, memoranda filed by both parties, a two-day hearing, and this written opinion. The Court's generosity has come to an end. All claims against the movants are hereby dismissed for failure to serve these defendants within the one-month extension period.

## CONCLUSION

For the reasons set forth above, the Court grants Defendants Lieberman Management Services Inc., Kovitz, Shifrin, and Nesbit, Ronald J. Kapustka, Robert A. Sternberg, David M. Bendoff, John H. Bickley, III, Richard W. Hillsberg, Robert B. Kogen, Alan D. Kovitz, Matthew L. Moodhe, Robert P. Nesbit, Jordan I. Shifrin, Diane J. Silverberg, Gerald J. Smoller, Lester Ottenheimer, and Jeffrey S. Youngerman's motion to dismiss the complaint for improper service of process pursuant to Rule 12(b)(5) [doc. nos. 4-2, 5-2], and denies as moot their motion to strike class allegations in the complaint [doc. nos. 4-1, 5-1]. These defendants are hereby terminated as parties in this case. The only defendant that remains is G.A.Z. Inc. because it did not join the instant motion to dismiss.

**SO ORDERED.** ENTERED: 9/14/05

HON. RONALD A. GUZMAN
Unites States Judge